UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MF GLOBAL INC.

    Plaintiff,

v.

AMERICAN BULLION EXCHANGE
ABEX CORP.,

    Defendant.

Civil Action No. _____

FILED STAMP: APRIL 9, 2008
08CV2019   J. N.
JUDGE NORDBERG
MAG. JUDGE MASON

## COMPLAINT

Plaintiff MF Global Inc., through its attorneys and as its complaint against defendant American Bullion Exchange Abex Corp., states as follows:

### JURISDICTION
(Founded on Diversity of Citizenship and Amount)

1. Plaintiff MF Global, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. Defendant Amercian Bullion Exchange ABEX Corp. is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California. The matter in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

### COUNT I
(Breach of Contract)

### The Parties

2. MF Global, Inc., f/k/a Man Financial, Inc. ("MFG") is a foreign corporation formed under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. At all times relevant, MFG was a futures commission merchant, holding commodity futures

trading accounts for its customers.

3. American Bullion Exchange Abex Corp, ("Customer") is a corporation organized under the laws of the State of California with its principal place of business at 9891 Irvine Center Drive, Suite 230, Irvince, California 92618. At all times relevant, Customer held itself out on its website, www.abexbullion.com, as a "third generation commodities expert" and a "precious metals commodities source [for the] "most up to date and pertinent information in regards to the world of investments."

## Opening of the Account

4. On or about October 18, 2007, the Customer entered into a customer agreement with MFG (the "Customer Agreement"). A true and correct copy of the Customer Agreement is attached hereto as **Exhibit 1**.

5. Pursuant to Customer's execution of the Customer Agreement and other documents, MFG opened a commodity futures trading account for the Customer (the "Account").

6. Customer's Account was a non-discretionary commodity futures trading account.

## Venue and Consent to Jurisdiction

7. Pursuant to Paragraph No. 29.B of the Customer Agreement, the Customer agreed that any dispute between MFG and Customer would "be litigated only in courts whose situs is in the State of Illinois [and that] [y]ou hereby submit to the jurisdiction of the United States District Court of the Northern District of Illinois, Eastern Division, and any other court of competent jurisdiction whose situs is in Chicago, Illinois."

8. In addition, at all times relevant, Paragraph 29.A of the Customer Agreement contained a choice of law provision that provided, in part, as follows:

> This Agreement is made, upon acceptance by us, in the State of Illinois, and shall be governed by, and the rights and liabilities of the parties shall be determined in accordance with, the laws of the State of Illinois.

2

9. Furthermore, under Paragraph 29.C of the Customer Agreement, the Customer agreed to accept "service of process by registered or certified mail addressed to [Customer] at the address" stated above.

### The Debit Balance

10. As a result of unprofitable trading, at the end of the trading day of March 21, 2008, Customer's Account reflected a debit balance of $290,428.16, and there were no open trading positions in the Account. A true and correct copy of the daily statement for the Customer's Account as of March 21, 2008, is attached hereto as **Exhibit 2**.

11. Under the terms of the Customer Agreement, the Customer was obligated to cure any debit balance in its Account.

12. Despite demand, the Customer has failed to cure the debit balance in the Account.

13. By failing to cure the debit balance in the Account, the Customer has breached its obligations under the Customer Agreement, resulting in damage to MFG.

14. MFG has fulfilled all of its obligations under the Customer Agreement.

### Pre-Judgment Interest

15. At all times relevant, Paragraph 5 of the Customer Agreement provided, in part, as follows:

> You are unconditionally obligated to pay to us the amount of any debit balance in your account, however incurred, at the lesser of the highest rate permitted by applicable law or two percent above the current prime rate as announced from time to time by the banking institutions with which we normally do business.

16. The Wall Street Journal published rate for prime rates reflects the prime rate for the banking institutions with which MFG normally did business.

17. The prime rate published by the Wall Street Journal for March 21, 2008, was 5.25 %, and was subject to change from day to day.

18. As of April 9, 2008, Customer owed MFG in excess of $1,000 dollars in pre-judgment interest.

## Attorneys' Fees and Expenses

19. At all times relevant, Paragraph 12 of the Customer Agreement provided, in part, as follows:

> You agree to pay and authorize us to charge you for any direct or indirect costs of collection, defense and enforcing any of our rights under this Agreement including but not limited to, interest, legal fees, court costs and other expenses.

20. As a result of Customer's failure to cure the debit balance in the Account, MFG has incurred, and will continue to incur, legal fees, court costs, and other expenses in connection with its collection efforts.

WHEREFORE, MF Global, Inc. respectfully requests the entry of Judgment in its favor and against American Bullion Exchange Abex Corp for:

1. $290,428.16 in principal;
2. prejudgment interest at the rate of 2% over prime rate;
3. attorneys' fees;
4. expenses;
5. costs; and
6. for such further relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

MG GLOBAL INC.

By: _____
One of Its Attorneys

Jeffry M. Henderson (jhenderson@henderson_lyman.com)
Robert B. Christie (rchristie@henderson_lyman.com)
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6960

4